UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**MARYANN T. VENECHANOS,**     :    CHAPTER     **13**
                                 :
              Debtor       :    CASE NO.:      **5:16-bk-02335-JJT**
                                 :

HEMLOCK FARMS COMMUNITY     :
ASSOCIATION,                     :
         Plaintiff/Creditor    :
           Vs.              :    DOCUMENT:     **No 59-Third Amended**
                                 :                                   **Ch 13 Plan**

MARYANN T. VENECHANOS      :
          Respondent      :    Judge John J. Thomas


**OBJECTION OF HEMLOCK FARMS COMMUNITY**
**ASSOCIATION TO DEBTOR'S THIRD AMENDED CHAPTER 13 PLAN**


Hemlock Farms Community Association, by its attorneys, Doran & Doran, P.C., John H. Doran, hereby objects to the confirmation of the Debtor's Third Amended Chapter 13 Plan for the following reasons:

1.     The above Debtor filed for relief under Chapter 13 of the Bankruptcy Code on May 31, 2016.

2.     Hemlock Farms Community Association has a statutory lien under the Planned Community Act, 68 PA.C.S. Section 5315 for assessments made against the Debtor's property.

3.     The Third Amended Plan fails to recognize the claim of Hemlock Farms Community Association which amounts to $5,421.69 plus costs and attorney's fees.

4. Hemlock Farms' statutory lien is ahead of the first mortgage and would include all costs and fees associated with a foreclosure.

5. In the Debtor's Schedules I & J, Debtor shows an excess of monthly income over expenses by the sum of $155.00. The Plan provides for payment in the plan of $8.33 per month.

6. The Debtor's expenses include a payment to the Hemlock Farms Community Association but no amount has been paid in 2016 or 2017.

7. Debtor's Plan by it showing expenses which have not been incurred, the Debtor's plan has been filed at least in bad faith for taking credit on schedules J for expenses that are not being incurred.

8. The feasibility of the plan cannot be determined without Debtor's explanation as how claim 3-1(first mortgage on Debtor's residence) can be paid which has a balance of $331,798.90 which had a pre-petition arrearage of $144,820.43.

9. All plans filed since November of 2016 state that the amount to be paid outside the plan to the First Mortgagee is TBD (assume to be determined) but no amount has ever been given. Without that number the feasibility of the plan is impossible to determine.

WHEREFORE, Hemlock Farms Community Association requests that Confirmation be denied; that the case will be converted to Chapter 7 or dismissed and that the Court should provide such other and further relief as is warranted.

Respectfully submitted:

DORAN & DORAN, P.C.

By: /s/John H. Doran, Esquire
JOHN H. DORAN, ESQUIRE
69 Public Square, Ste. 700
Wilkes-Barre, PA 18701
570-823-9111 - fax 570-829-3222
jdoran@doran-law.net

Dated: 7-21-2017

## CERTIFICATE OF SERVICE

AND NOW, I hereby certify that on July 20, 2017, I have served the within Objection to Amended Chapter 13 Plan on the following parties automatically by electronic notice through ECF system:

Charles J. DeHart, III  (Trustee)
dehartstaff@pamd13trustee.com,      TWecf@pamd13trustee

Vicki Ann Piontek – Atty for Maryann T. Venechanos
vicki.piontek@gmail.com

United States Trustee
ustpregion03.ha.ecf@usdoj.gov

I certify under penalty of perjury that the foregoing is true and correct.

Dated: 7-21-2017                          _/s/ John H. Doran_____
                                          John H. Doran, Esquire